CAMPBELL *v.* CARROLL ET AL.

[No. 9,921. Filed October 7, 1919. Rehearing denied December 12, 1919.]

1. BASTARDS. — *Acknowledgment.* — *Evidence of Denial.* — *Competency and Scope.*—In an action to quiet title to a decedent's real estate, evidence of deceased's denials that he was the father of claimant, a bastard, along with other declarations and acts in relation to the paternity of claimant, was competent for determining whether there was an acknowledgment, but not for the purpose of defeating an acknowledgment once actually made, and it was reversible error to exclude it. p. 589.

2. BASTARDS.—*Acknowledgment.—Requisites.—Certainty and Definiteness.—Record Showing Compromise of Bastardy Proceeding. —Competency.*—Acknowledgment of the paternity of a bastard child must be definite, certain and unequivocal, and in an action involving the right of a bastard to inherit deceased's property,

the record of a bastardy proceeding against deceased, which was compromised, containing no admission of paternity, was inadmissible in evidence. p. 590.

3. APPEAL.—*Review.*—*Refusal of Instructions.*—*Instructions Inapplicable to Evidence.*—It is not error to refuse a requested instruction containing elements upon which there is no evidence. p. 591.

4. APPEAL.—*Review.*—*Refusal of Instructions.*—*Failure to Include in Brief.*—An instruction objected to as erroneous, but not set out in appellant's brief, will not be considered on appeal. p. 591.

From Rush Circuit Court; *Will M. Sparks,* Judge.

Action by Margaret Campbell against Camie Campbell and another. From a judgment in favor of the plaintiff and defendant Farris Carroll, the defendant Camie Campbell appeals. *Reversed.*

*John A. Titsworth, Meiks & Hack* and *B. F. Watson,* for appellant.

*Marcus R. Sulzer, Solomon J. Bear, John H. Kiplinger* and *Donald L. Smith,* for appellees.

NICHOLS, P. J.—This was an action by the appellee, widow of Ovid Campbell, deceased, against the appellant, who was the mother of said deceased, and the appellee Farris Carroll, originally in the Shelby Circuit Court, but, on change of venue, it was tried in the Rush Circuit Court.

It is averred in the complaint that Ovid Campbell, of Shelby county, Indiana, died intestate, on July 23, 1915, owning certain real estate and personal property, leaving as his only heirs at law his widow, the appellee Margaret Campbell, and his mother, Camie Campbell, and that the appellee Farris Carroll was asserting an interest in said property without right. There was a prayer to quiet title as to appellee Farris Carroll, and for partition as between appellant and appellee Margaret Campbell. Appellee Farris Car-

roll, by his cross-complaint, claimed to be the issue of said Ovid Campbell, deceased, by one Nora Carroll, born out of wedlock, and acknowledged as such issue in his lifetime by said Ovid Campbell and, by reason of such facts, an heir at law of said Ovid, and as such the owner of the undivided one-half of the estate of said Ovid. By appellee Carroll's supplemental cross-complaint, and by appellee Margaret's supplemental cross-complaint, it appears that, after the commencement of the action, said Carroll sold to said Margaret the undivided one-half of his interest in the estate as claimed by him, being the undivided one-fourth part of said estate, that at the trial he claimed the undivided one-fourth of the estate and said Margaret claimed the undivided three-fourths thereof, claiming no interest in the undivided one-fourth thereof, which interest was in controversy between appellant and appellee Carroll. There was a trial by jury, and a verdict in favor of the appellees that appellee Margaret owned three-fourths of said estate and appellee Carroll owned one-fourth thereof, and that appellant had no interest therein. After a motion for a new trial, which was overruled, this appeal was taken.

The error assigned is that the court erred in overruling appellant's motion for new trial. The court excluded from the jury certain evidence tendered by the appellant to the effect that Ovid Campbell denied that Farris Carroll was his child, divers witnesses produced before the court and jury being ready to so testify. Appellant contends that this was error. It does not appear by appellant's statement of the evidence that Ovid Campbell ever admitted that he was the father of appellee, but, by appellee's brief, it appears that statements were in-

troduced in evidence in which he admitted that Farris Carroll was his son, and that the denials were offered in evidence to disprove that he did make such statements. In the case of *Haddon* v. *Crawford* (1912), 49 Ind. App. 551, 97 N. E. 811, it was held that such statements of denial would be proper in evidence, but only for the purpose of determining whether or not the acknowledgment was in fact ever made and intended, but not for the purpose of defeating such acknowledgment once actually made and intended. In the cases of *Houghton* v. *Dickinson* (1907), 196 Mass. 389, 82 N. E. 481, and *Miller* v. *Pennington* (1905), 218 Ill. 220, 75 N. E. 919, 1 L. R. A. (N. S.) 773, statements contrary to acknowledgments were admitted in evidence. In the case of *Robertson* v. *Campbell* (1914), 168 Iowa 47, 149 N. W. 885, denials were heard to rebut a claim of recognition of the paternity of the child. Evidence of these denials, along with all other declarations and acts of Ovid Campbell in relation to the paternity of Farris Carroll, were competent in evidence for the purpose of determining whether there was an acknowledgment, and it was reversible error to exclude it.

The appellant complains that the court committed reversible error in admitting in evidence, over appellant's objection, the record of a bastardy proceeding, in which Ovid Campbell was charged with the paternity of appellee Carroll. The proceeding was before a justice of the peace, and was compromised, the record showing that the parties "agree to compromise this cause upon the following terms, to wit: The defendant pays the relatrix the sum of $50.00 in cash this day, and executes two notes of even date herein for $125.00, each payable in one

and two years from date, and payable to Martha Carroll, trustee for Nora Carroll, the relatrix herein being under the age of 21 years, and the said trustee being her mother.'' There is no admission or acknowledgment of paternity in the record. It may not even be implied from such a record of compromise. Many men would submit to such a wrong as this, if wrong it may be, rather than to submit to the embarrassment of a public trial and the gibes of the rabble who usually gather on such occasions. The acknowledgment must be definite and certain, and must be one in which the paternity of the child is plainly and unequivocally acknowledged. *Holloway* v. *McCormick* (1913), 41 Okla. 1, 136 Pac. 1111, 50 L. R. A. (N. S.) 536; *Moore* v. *Flack* (1906), 77 Neb. 52, 108 N. W. 143; *Pederson* v. *Christofferson* (1906), 97 Minn. 491, 106 N. W. 958; 7 Cyc 949. The record of compromise should not have been admitted. *Martin* v. *State* (1878), 62 Ala. 119; *Olson* v. *Peterson* (1891), 33 Neb. 358, 50 N. W. 155; *Lisy* v. *State, ex rel.* (1897), 50 Neb. 226, 67 N. W. 768.

It was not error to refuse to give instruction No. 4, tendered by appellant, for the reason that it contains a number of elements upon which there was no evidence whatever. Instruction No. 28 undertakes to define an acknowledgment and the manner in which it may be made, and follows substantially the definition and rule in *Townsend* v. *Meneley* (1906), 37 Ind. App. 127, 74 N. E. 274, 76 N. E. 321. It was not erroneous. Instruction No. 29 is not in the brief, hence will not be considered. Appellants point out no reason why instruction No. 30 is not a correct statement of the law as applied to the case, and we see none.

The judgment is reversed, with instructions to grant a new trial.