No. 48,112

JOHN E. CRAIG and RAYMOND L. CARNEY d/b/a CARNEY & CRAIG CONSTRUCTION CO., *Appellees*, v. JOHN HAMILTON, *Appellant*.

(559 P. 2d 796)

Opinion filed January 22, 1977.

*J. Stanley Hill*, of Branine, Chalfant & Hyter, of Hutchinson, argued the cause, and *M. E. Chalfant*, of the same firm, was with him on the brief for the appellant.

*Brock R. McPherson*, of Law Offices of Brock R. McPherson, Chartered, of Great Bend, argued the cause, and *Michael C. Brown*, of the same firm, was with him on the brief for the appellees.

The opinion of the court was delivered by

OWSLEY, J.: Defendant appeals from the judgment of the trial court dissolving a partnership and settling the rights of the parties. We have concluded this is a fact case. The findings of the trial court are supported by the evidence and the judgment should be affirmed.

On April 21, 1970, the parties to this action formed a partnership to conduct a construction business. John E. Craig and Raymond L. Carney, d/b/a Carney & Craig Construction Company, filed a petition seeking a declaratory judgment to adjudicate a dispute between the parties, alleging the partnership had been dissolved as of March 1, 1971. Defendant answered, denying the partnership had been dissolved as of March 1, and filed a counterclaim praying for return of invested money, an accounting, an equal share of the partnership, an allegation of a transfer of equipment by plaintiffs, and a jury trial. Plaintiffs answered, praying that the court interpret the partnership agreement, adjudicate the dispute, and render a declaratory judgment.

The trial court filed a memorandum of decision on January 26, 1972, finding that the partnership had been mutually disolved, effective February 28, 1971, and that defendant was to receive from the partnership the following:

(a) The sum of $20,000;

(b) Six percent interest on said $20,000 from October 28, 1970, to March 1, 1971; and

(c) Ten percent of all profits, if any, as determined by the certified audit from April 21, 1970, to March 1, 1971.

Defendant appealed the decision, and this court reversed in *Craig v. Hamilton*, 213 Kan. 665, 518 P. 2d 539. Reference may be made to that decision for additional facts and the basis for the reversal.

The matter was again tried and the trial court announced in an oral decision that plaintiffs and defendant entered into an oral agreement for dissolution of the partnership. The agreement as determined by the court was that defendant was entitled to any unpaid interest at the rate of six percent on capital that was invested by him. Defendant was entitled to ten percent of the net profits of the corporation. He was entitled to have his capital investment returned to him. The court further found that the agreement was not predicated upon an instrument in writing to be drawn and signed, but the agreement was to be formalized for the protection of the parties. Defendant again appeals.

Defendant contends the trial court erred in determining he had agreed upon terms for dissolution when this court in the previous appeal determined he had not agreed to the dissolution terms. Defendant has no basis for saying this court found he had not agreed to dissolution terms. First, this was not an issue in the previous appeal. No finding was made by the trial court and this court had nothing before it to review. Second, it is not the function of an appellate court to make findings of fact and when an appellate opinion merely recites facts to form a background for an understanding of the reviewable issues, it cannot be construed as making findings of fact. (*Bayless v. Wheeler-Kelly-Hagny Trust Co.*, 153 Kan. 81, 109 P. 2d 108.) We find no merit in this argument.

Defendant next contends the trial court erred in not determining the meaning of the ambiguous contract as required by the opinion in the previous appeal. In the previous appeal we concluded the trial court construed an unambiguous contract as a basis for its decision. Whether an agreement had been made in connection with the dissolution of the partnership was not mentioned or determined by the trial court. The reversal was based on our conclusion that the partnership agreement was ambiguous and

that the trial court erred in failing to permit evidence to be introduced on the issue of the rights of defendant in the partnership profits and assets.

We could not anticipate on a second trial that the court would find a binding agreement had been made between the parties in connection with the dissolution. We cannot say the trial court erred in its conclusion if evidence was admitted to support such an agreement. Neither can we say the trial court erred in not determining the terms of the partnership agreement when such a determination became immaterial in view of the conclusion that an agreement was reached in connection with the dissolution. We find no merit in defendant's argument.

Finally, defendant contends the agreement of dissolution was not supported by sufficient competent evidence. In considering whether the findings of a trial court are supported by substantial competent evidence, this court has repeatedly held that it is required to consider the evidence in its most favorable aspect in relation to the parties who prevailed in the court below. (*Hass v. Preferred Risk Mutual Ins. Co.*, 214 Kan. 747, 522 P. 2d 438; *Smith v. Union Pacific Railroad Co.*, 214 Kan. 128, 519 P. 2d 1101; *Matthews v. Travelers Insurance Co.*, 212 Kan. 292, 510 P. 2d 1315.)

When findings of fact are attacked for insufficiency of evidence, or as being contrary to the evidence, the duty of the appellate court extends only to a search of the record for the purpose of determining whether there is any competent substantial evidence to support the findings. The appellate court will not weigh the evidence or pass upon the credibility of the witnesses. Under these circumstances, the reviewing court must review the evidence in the light most favorable to the party prevailing below. (*Union National Bank & Trust Co. v. Acker*, 213 Kan. 491, 516 P. 2d 999; *Armstrong v. City of Salina*, 211 Kan. 333, 507 P. 2d 323.)

Applying the foregoing rules to the record before us we find the evidence sufficient to support the findings of the trial court.

The judgment is affirmed.