No. 50,885

In the Matter of the Adoption of JASON LEE WILSON and JEREMY RAY WILSON, Minor Children [GLENN L. PATRICK, *Petitioner and Appellee,* DENNIS R. WILSON, *Respondent and Appellant.*]

(610 P.2d 598)

Opinion filed May 10, 1980.

*B. A. Lightfoot,* of Jetmore, argued the cause and was on the brief for the appellant.

*Arthur N. Turner,* of Ice, Turner & Ice, of Newton, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

MCFARLAND, J.: This is an appeal by Dennis R. Wilson, natural father of minor children, Jason Lee and Jeremy Ray Wilson, from a decree of adoption granted to Glenn L. Patrick, stepfather of said children.

The first point raised on appeal is the sufficiency of the evidence to support the trial court's finding that the natural father had failed or refused to assume the duties of a parent for the two consecutive years immediately preceding the filing of the petition herein.

K.S.A. 59-2102 provides:

"Before any minor child is adopted, consent must be given to such adoption:
"(1) by the living parents of a legitimate child or
"(2) by the mother of an illegitimate child or
"(3) by one of the parents if the other has failed or refused to assume the duties of a parent for two (2) consecutive years or is incapable of giving such consent or
"(4) by the legal guardian of the child if both parents are dead or if they have failed or refused to assume the duties of parents for two (2) consecutive years, or
"(5) by the department of social and rehabilitation services, a person, or by the executive head of an agency or association, where the rights of the parents have been legally terminated and custody of the child has been legally vested in such person, department, agency or association with authority to consent to the adoption of said child."

The evidence relevant to this issue may be summarized as follows. The 1971 marriage of Dennis and Mary Wilson terminated in divorce in June of 1975. Two children were born of the marriage—Jason Lee and Jeremy Ray. As a part of the decree of divorce Mary was granted custody of the children and Dennis was ordered to pay $250.00 per month child support and keep certain insurance in effect. In September of 1975 Dennis married his present wife, Cheryl Wilson. In April of 1976 Mary married Glenn L. Patrick, her present husband and petitioner herein. By June of 1976 Dennis was some $400.00 delinquent in. child support payments and moved the court for a change of custody of the children or, alternatively, for a reduction of child support payments. Change of custody was denied, but child support was reduced to $100.00 per month plus arrearage payments of $50.00 per month. Upon completion of the arrearage payments, child support would then become $150.00 per month. The obligations to maintain health insurance covering the children, and life insurance thereon, were eliminated.

The petition for adoption was filed November 29, 1978. Pursuant to K.S.A. 59-2102 the necessity for the consent of Dennis is accordingly determined by the events occurring between November 29, 1976, and November 29, 1978. It is uncontroverted that Dennis made no child support payments for the period in question. Evidence was introduced to the effect that the children's basic financial needs had been met and any support payments received would have been placed in the children's savings accounts which were to provide for their college education. Dennis testified that he had incurred heavy expenses during the period in question and was earning less money than previously by virtue of a change of occupation.

Dennis sent no Christmas, birthday, or other gifts to the children during the period in question. He testified he did this out of respect for the religious beliefs of the new family unit (Jehovah's Witnesses). The record does not indicate that this explanation was the result of any request or agreement or that the explanation had surfaced at anytime prior to trial.

Dennis visited the children during the 1976 Christmas holidays. On July 13, 1977, Dennis wrote Mary requesting weekend custody commencing July 16, or at another time if the requested date was inconvenient. Mary was out of town when the letter

arrived and the requested date passed before her return. Mary did not respond to the letter. In August of 1978 Dennis telephoned Mary to request release of a judgment lien to which Mary agreed. At the end of the conversation Dennis inquired about talking to the children, but "broke down" and the conversation ended.

The record also indicates that Mary wrote a letter on July 8, 1977, to the parents of Dennis, which stated *inter alia* that if Dennis paid any child support Mary would expect him to pay all delinquent child support.

From the foregoing evidence the trial court found:

"2. That the natural father of the two minor children, Dennis R. Wilson, failed or refused to assume the duties of a parent for two (2) years immediately preceding the filing of the Petition herein by reason of the following:

"a. Failure to pay the Court ordered child support from and after October 22, 1976, to the date of this hearing;

"b. Failure to make any gifts or presents to his two (2) minor children for the two years immediately preceding filing the Petition;

"c. Outside of an inquiry incident to a request for release of judgment lien and a letter written to the mother of the children requesting custody for a weekend, which was not received by the mother until after such weekend, Dennis R. Wilson made no attempts to visit his two minor children nor indicated any other interest in such children;"

The standard of review applicable to the case herein was set forth in *Aslin v. Seamon,* 225 Kan. 77, 78, 587 P.2d 875 (1978), as follows:

"Ordinarily the question whether or not an individual has failed or refused to assume the duties of a parent for the required period of time is a factual one to be determined by the trier of facts upon competent evidence after a full and complete hearing. *In re Herbst,* 217 Kan. 164, 535 P.2d 437 (1975); *In re Sharp,* 197 Kan. 502, Syl. ¶ 5, 419 P.2d 812 (1966); *In re Waters,* 195 Kan. 614, Syl. ¶ 1, 408 P.2d 590 (1965). When findings of fact are attacked for insufficiency of evidence or as being contrary to the evidence, the duty of the appellate court extends only to a search of the record to determine whether substantial competent evidence exists to support the findings. An appellate court will not weigh the evidence or pass upon the credibility of the witnesses. Under these circumstances the reviewing court must review the evidence in the light most favorable to the party prevailing below. *Craig v. Hamilton,* 221 Kan. 311, 313, 559 P.2d 796 (1977) and cases cited therein."

*In re Sharp,* 197 Kan. 502, 419 P.2d 812 (1966), recognized that the duties of a parent included not only the common law duty of financial support, but the natural and moral duty of a parent to show affection, care and interest toward his or her child. The court stated:

"Although a natural parent under a divorce decree is given only rights of visitation with minor children, we are not prepared to say that all the other privileges, duties and obligations of parenthood are thereby excluded. The simple acts whereby a parent may manifest normal affection, care and interest in a child are ordinarily not judicially proscribed. The door is left ajar for the parent to maintain the remaining thread of the parent-child relationship. The exercise of the right of visitation is only one of the many factors to be considered by the court in its ultimate determination." p. 508.

The trial court's challenged findings of fact are supported by substantial competent evidence and, accordingly, will not be disturbed on appeal except that No. 2 (c) is modified to reflect that Dennis did visit the children during the Christmas holidays of 1976.

The second point raised on appeal is stated by appellant as follows:

"Is the standard for severance of a parent's rights under K.S.A. 59-2102 consistent with the case law of this state and harmonious with other statutory provisions?"

This point is based on the appellant's premise that parental rights may be severed by divorce (K.S.A. 1979 Supp. 60-1610); deprived child proceedings (formerly dependency and neglect) (K.S.A. 1979 Supp. 38-816); adoption (K.S.A. 59-2102[3]); and habeas corpus (K.S.A. 60-1501). Appellant then attempts to establish that parental unfitness is the real issue in each of the enumerated categories of the proceeding and that uniform standards should be applied. Appellant's basic premise is faulty, as the various proceedings in both nature and purpose are strikingly dissimilar. Further, appellant does not distinguish anywhere in his brief between the determination of an adoption on its merits (K.S.A. 59-2278) and the determination of whether a parent's consent to such proposed adoption is necessary (K.S.A. 59-2102). Obtaining the necessary consents is a condition precedent to the granting of an adoption (K.S.A. 59-2102). The fitness of the parent is not an issue in determining whether his or her consent to an adoption is required. This point is found to be without merit.

The judgment is affirmed.

HERD, J., dissenting.