(667 P.2d 911)
No. 54,933

In the Matter of the Adoption of JODY LEE HOBSON and BRAD IVAN LEHOUX, minor children.

Opinion filed August 11, 1983.

*Jan W. Leuenberger,* of Topeka, for the appellant David L. Hase.

*Michael G. Patton* of Patton & Davis Chartered, of Emporia, for the appellee Kay E. Hase.

Before FOTH, C.J., SPENCER and PARKS, JJ.

SPENCER, J.: This is an appeal from a trial court denial of petitioner's motion to set aside a decree of adoption.

On September 14, 1978, petitioner David L. Hase filed his verified petition to adopt his two minor stepchildren, Jody Lee, Hobson and Brad Ivan Lehoux. The petition alleged the natural father of Jody was deceased and Brad's natural father was Daniel Joseph Lehoux. The natural mother (respondent) filed a consent to the adoption.

On October 24, 1978, Lehoux filed an answer in which he alleged (1) he was the natural father of both children; (2) he had been awarded custody of said children on November 5, 1975, in a contested proceeding in Sandford, Maine; (3) the natural mother had improperly removed the children from Maine and had deliberately withheld them from him; (4) he had no knowledge of their whereabouts until notice of the petition for adoption; (5) he desired custody of his children pursuant to the Maine decree; and (6) he objected to the adoption. A copy of the Maine decree was attached.

The matter was continued to December 21, 1978, when, pursuant to notice given all parties, including the natural father and his attorney, the court heard evidence and found neither the natural father nor his attorney had made any further contact with the court or any of the other parties. An affidavit was filed by the maternal grandmother in which she stated the natural father had

personal knowledge of the children's whereabouts for the past five years. The natural mother apparently testified the natural father had known of her Kansas residence for at least three years; he made no contact with her or the children during that time, and no support was ever received. The court found the allegations contained in the petition were true and the adoptions were granted.

Mr. and Mrs. Hase were divorced July 17, 1981. Custody of the children was awarded to respondent and petitioner was ordered to pay child support in the amount of $170 per month.

On October 29, 1981, the present petition to set aside and vacate the adoption decree was filed. At a hearing on the petition, exemplified copies of the Maine decree and a deposition of Lehoux were admitted into evidence. By his deposition Lehoux essentially reiterated the allegations contained in his original answer. He also stated he had not had contact with his children or the natural mother since November 5, 1975, and had no opportunity to exercise his parental rights.

Petitioner testified the natural mother did not inform him of the Maine proceedings and he made no independent investigation regarding the statements in the petition for adoption. He stated he would not have proceeded with the adoption had he known the natural father's position.

On August 19, 1982, the trial court found the notice to the natural father was adequate and the evidence supported the adoption decree. The petition to set aside was denied.

Petitioner contends the adoption decree is void for want of jurisdiction.

A motion under K.S.A. 60-260(b)(4) to set aside a void judgment may be made at any time. *Barkley v. Toland,* 7 Kan. App. 2d 625, 646 P.2d 1124, *rev. denied* 231 Kan. 799 (1982). However, in *Bledsoe v. Seaman,* 77 Kan. 679, 684-85, 95 Pac. 576 (1908), the court stated:

"A party cannot invoke the jurisdiction and power of a court for the purpose of securing important rights from his adversary through its judgment and, after having obtained the relief desired, repudiate the action of the court on the ground that it was without jurisdiction. The question whether the court had jurisdiction, either of the subject-matter of the action or of the parties, is not important in such cases. Parties are barred from such conduct, not because the judgment obtained is conclusive as an adjudication, but for the reason that such a practice cannot be tolerated. People who invoke the action of a court, and,

through negligence or falsehood, mislead the court as to the existence of the facts upon which its jurisdiction depends, and obtain a judgment for relief, will not afterward be heard to deny the validity of such judgment."

See also *Aguilera v. Corkill,* 201 Kan. 33, Syl. ¶ 4, 439 P.2d 93 (1968). Having invoked the jurisdiction of the trial court to grant the adoption, petitioner is estopped to assert the court did not have jurisdiction.

We need not rely solely on the doctrine of estoppel in this case. Petitioner contends the court lacked jurisdiction because the natural father did not consent to the adoption.

The consent of a natural parent is not specifically required where the case falls within one of the enumerated exceptions of K.S.A. 59-2102. Under 59-2102(3), consent by only one of the parents is required if the other parent "has failed or refused to assume the duties of a parent for two (2) consecutive years . . . ." The facts warranting an exception must be clearly proven. *In re Adoption of Harrington,* 228 Kan. 636, 638, 620 P.2d 315 (1980).

The trial court found the natural father had failed to assume the duties of a parent for more than two consecutive years. Petitioner contends this finding is unsupported by the evidence. While there is some doubt as to whether petitioner may question the sufficiency of the evidence (*In re Adoption of Trent,* 229 Kan. 224, 231-32, 624 P.2d 433 [1981]), we conclude the finding by the trial court is supported by substantial competent evidence.

The natural mother testified the natural father knew of the children's whereabouts for at least three years prior to the adoption, but did not contact the children or provide any support during that time. While the natural father's statements, if true, suggest the children were secreted from him, this court must review the evidence in the light most favorable to the party prevailing below and will not weigh the evidence or pass upon the credibility of the witnesses. *Aslin v. Seamon,* 225 Kan. 77, 78, 587 P.2d 875 (1978).

Petitioner also argues K.S.A. 59-2102(3) could not be properly invoked because the natural father had no court-imposed duty to provide financial support. The duties of a parent, however, include not only the common law duty of financial support, but also the natural and moral duty of a parent to show affection, care

and interest toward his children. See *In re Adoption of Wilson*, 227 Kan. 803, 805, 610 P.2d 598 (1980). Here, the natural father had no contact whatsoever with the children for almost three years. Clearly, this could support a finding of parental neglect. See *In re Waters*, 195 Kan. 614, 408 P.2d 590 (1965).

Petitioner next asserts the trial court was without jurisdiction to modify the Maine child custody decree. Reliance is placed on the Uniform Child Custody Jurisdiction Act (UCCJA) and the doctrines of "full faith and credit," "comity" and "unclean hands."

The UCCJA (K.S.A. 38-1301 *et seq.*) became effective after the trial court had conducted its final hearing on the hearing for adoption. Compliance with the act was not required. In addition, the adoption statute in effect at the time of the adoption, K.S.A. 59-2277, did not require disclosure of prior child custody proceedings. *Cf.* K.S.A. 1982 Supp. 59-2277(*f*).

Prior to enactment of the UCCJA, our courts recognized a trial court, in the interest of comity, should give full faith and credit to a child custody decree from another state and, in the exercise of its discretion, decline jurisdiction under the "clean hands" doctrine. See, *e.g., Beebe v. Chavez*, 226 Kan. 591, 602 P.2d 1279 (1979); *Jolly v. Avery*, 220 Kan. 692, 556 P.2d 449 (1976).

The trial court in this case did not abuse its discretion when it exercised jurisdiction over the parties. The mother and the children had been Kansas residents for almost three years. The natural father appeared in the adoption proceeding but failed to actively pursue his allegations that he was entitled to custody and that Kansas was an inconvenient forum. In light of the natural father's appearance and the fact the present petitioner initiated the adoption proceedings, we conclude the trial court had jurisdiction to grant the adoptions.

Petitioner also contends the decree of adoption should be set aside for fraud because the natural mother, by misrepresentations and omissions, induced him to request and the trial court to grant the adoption.

A motion to set aside an adoption decree for fraud must be filed within one year after the decree was entered. K.S.A. 59-2213; 60-260(*b*)(3). In *Jones v. Jones*, 215 Kan. 102, 113-15, 523 P.2d 743, *cert. denied* 419 U.S. 1032 (1974), the court held the natural parents who attempted to set aside a consent for adoption

on the ground of fraud more than one year after entry of the adoption decree were precluded from proceeding in the probate court to attack the decree. In this case, the petition to set aside was filed almost three years after the decree was entered. Petitioner is precluded from attacking the decree on the basis of fraud.

Even if the petition to set aside had been timely filed, relief was properly denied. To set aside a judgment on the basis of fraud, the movant must prove the fraud by clear and convincing evidence. In *Cool v. Cool,* 203 Kan. 749, Syl. ¶ 7, 457 P.2d 60 (1969), the court held:

"In order for perjured testimony to warrant the setting aside of a judgment under K.S.A. 60-260(*b*), it must be shown by clear and convincing evidence to have been willfully, purposely and falsely given, to have been material to the issue tried, and to have significantly controlled the result reached; furthermore, the movant must show that the fact of the falsity of the testimony could not have been discovered by reasonable diligence in time to offset it at the trial."

Petitioner has not clearly shown perjured testimony was given in this case. The evidence was disputed as to whether the natural father knew the whereabouts of his children prior to the adoption. The trial court believed the natural mother and, on appeal, this court cannot reweigh the evidence or pass upon the credibility of witnesses.

Furthermore, it has not been shown the natural mother's failure to disclose the Maine proceedings constituted fraud. All of the parties and the court became aware of the Maine proceedings when the natural father filed his answer. Any perjured testimony or material omissions could have been ascertained at that time. Instead, petitioner chose to ignore the natural father's assertions and to rely on his wife's testimony. We conclude the failure to initially reveal the Maine proceedings did not constitute a fraud upon petitioner or the trial court. Relief on the ground of fraud was properly denied.

Finally, we note other considerations require affirmance. In *Pierce v. Pierce,* 522 S.W.2d 435, 436 (Ky. 1975), the court stated:

"Courts have generally recognized or at least assumed that an adoption decree may be annulled at the instance of the adopting parent but indicate reluctance to disturb the status of an adopted child unless the vacating of the decree would clearly be for its best interest. 2 A.L.R.2d § 8, p. 903. From the cases collected in the annotation just cited, it appears to be generally held that an adoption decree will not be vacated or annulled at the instance of an adoptive parent where his

motives are purely selfish, or because of pecuniary interest in changing his position. Courts should not allow abrogation of an adoption if it is premised on the desire of adoptive parents to rid themselves of a bad bargain, or because of a mere change in attitude or regret."

See generally 2 Am. Jur. 2d, Adoption § 79.

In this case, the natural father has had no contact with the children since November, 1975, and has made no attempt to set aside the adoption decree. If the adoption is set aside, petitioner's child support obligations will be nullified. We conclude petitioner's motives appear to be purely selfish and pecuniary in nature and not in the best interests of the children.

Affirmed.