No. 56,209

In the Matter of the Adoption of DEREK ERWIN CRIDER, A Minor Child.

(696 P.2d 356)

Opinion filed March 2, 1985.

*Neil Roach,* of Roach and Mellinger, P.A., of Emporia, argued the cause and was on the briefs for appellant, Gilbert Stefan.

*Steven L. Davis,* of Patton & Davis, Chartered, of Emporia, argued the cause and was on the briefs for appellee, James Erwin Crider.

The opinion of the court was delivered by

McFARLAND, J.: Gilbert Stefan appeals from the trial court's denial of his petition to adopt his stepson, Derek Erwin Crider. The trial court held that it lacked jurisdiction to grant the adoption as consent of the child's natural father was necessary. The Court of Appeals affirmed the trial court in an unpublished opinion filed August 2, 1984 (*In re Adoption of Crider,* No. 56,209). The matter is before us on petition for review.

The issue is whether or not the trial court erred in finding the consent of the child's natural father, James Crider, was necessary.

The proper scope of review is stated in *Aslin v. Seamon,* 225 Kan. 77, 587 P.2d 875 (1978), as follows:

"Ordinarily the question whether or not an individual has failed or refused to assume the duties of a parent for the required period of time is a factual one to be determined by the trier of facts upon competent evidence after a full and complete hearing. *In re Herbst,* 217 Kan. 164, 535 P.2d 437 (1975); *In re Sharp,* 197 Kan. 502, Syl. ¶ 5, 419 P.2d 812 (1966); *In re Waters,* 195 Kan. 614, Syl. ¶ 1, 408 P.2d 590 (1965). When findings of fact are attacked for insufficiency of evidence or as being contrary to the evidence, the duty of the appellate court extends only to a search of the record to determine whether substantial compe-

tent evidence exists to support the findings. An appellate court will not weigh the evidence or pass upon the credibility of the witnesses. Under these circumstances the reviewing court must review the evidence in the light most favorable to the party prevailing below. *Craig v. Hamilton*, 221 Kan. 311, 313, 599 P.2d 796 (1977), and cases cited therein." 225 Kan. at 78.

Derek Erwin Crider was born on August 2, 1978. His parents, James and Cheryl Crider, were divorced on June 27, 1980. Custody of the child was granted to the mother subject to the father's visitation rights. In February, 1983, Cheryl married Gilbert Stefan. On July 12, 1983, Mr. Stefan filed a petition to adopt his stepson, Derek, alleging the child's father had failed and refused to assume the duties of a parent for at least the two consecutive years prior to the filing.

K.S.A. 59-2102 provides the consent to adoption need only be given by one parent if the other has failed or refused to assume the duties of a parent for two consecutive years prior to the filing of the petition to adopt. The statute further provides that in determining whether a parent's consent is required, the court may disregard incidental visitation, contacts, communications or contributions.

James Crider paid child support payments as ordered by the district court in the divorce action for the first seven months following the divorce. This is taking the evidence in the light most favorable to Mr. Crider. Accordingly, the last payment occurred more than two years prior to the filing of the adoption petition (divorce was granted June 27, 1980—adoption petition was filed July, 1983). The only contact in the critical two-year period was one time when James made an unannounced visit to Cheryl's home and asked to see the child. Cheryl declined, stating he could not see the child by virtue of the absence of child support payments. The incident occurred in June or July of 1982. No other contact was attempted. James sent the child no birthday or Christmas presents or cards and made no inquiries relative to the child's well being. No court proceedings were instituted to enforce James' right of visitation or to reduce the child support payments. James made no attempt to secure visitation through intermediaries. No financial support in any form was provided by James for the child. James testified (and the court found) the failure to make any support payments was due to James' financial problems. James testified that he was angry over Cheryl's refusal to let him see the child on his one unannounced

visit. He believed Cheryl had acted unfairly in linking visitation to child support and that her conduct had discouraged him from further attempts at visitation. James further stated to the court he believed the adoption was a "good thing" and the "best thing" for the child.

The trial court held James' one attempt at visitation to be a substantial effort to assume the duties of a parent. We do not believe the evidence supports this conclusion. The attempted visit was an isolated effort and was wholly unannounced. James lived in Iola and testified he was "in town" (Emporia) that day and decided to stop by and see the child. Having made no prior arrangements, he had no way of knowing whether or not the child would even be home.

In the case of *In re Adoption of McMullen*, 236 Kan. 348, 691 P.2d 17 (1984), this court defined "incidental" as used in K.S.A. 59-2102(b) as "casual, of minor importance, insignificant and of little consequence." In the two-year period preceding the filing of the petition herein, there is only the one attempted visit. We believe this must, as a matter of law, be considered an incidental attempt at contact rather than the assumption of the duties of a parent.

We therefore conclude that the trial court erred in concluding the consent of the natural father, James Crider, was necessary for the adoption of Derek Erwin Crider.

The judgment of the Court of Appeals affirming the district court is reversed. The judgment of the district court is reversed and the case is remanded for further proceedings.