(897 P.2d 181)
No. 72,498

In the Matter of the Adoption of C.R.D., a minor child.

Opinion filed June 2, 1995.

*Thomas D. Arnhold*, of Hutchinson, for the appellant.

*Stanley R. Juhnke*, of Hutchinson, for the appellee.

Before GREEN, P.J., LEWIS and PIERRON, JJ.

PIERRON, J.: The legal and biological father of C.R.D., a child born September 15, 1989, appeals the district court's order finding he had failed to assume parental duties during the two years preceding the filing of a petition for stepparent adoption. Because of this finding, the court found the father's consent to the adoption was unnecessary and granted the petition.

The mother and father of C.R.D. were divorced on March 27, 1990. All three lived in Texas at that time. The petitioner/stepfather married the mother on June 3, 1990. C.R.D. has lived with them during the marriage and has seen the father "very seldom."

The mother and stepfather moved with C.R.D. to Kansas about three or four months after their marriage. For a time, visitation by the father with C.R.D. continued during trips back to Texas by the mother, stepfather, and C.R.D. The Kansas parties moved several times after coming to Kansas. The parties strongly dispute whether reasonable notice was given to the father and whether he took reasonable actions to find the whereabouts of the Kansas parties and exercise visitation or otherwise make contact with the child. This was the main issue addressed at trial.

The trial court found that during the two-year period, the father had no contact with the child and did not call or send letters or gifts. Neither did he attempt to have the visitation orders modified. The court concluded that the father did not make reasonable ef-

forts to find and visit the child and that the mother and stepfather did not attempt to hide the child from the father. Based on our standard of review, there was substantial competent evidence to support the court's findings on this issue.

"Ordinarily the question whether or not an individual has failed or refused to assume the duties of a parent for the required period of time is a factual one to be determined by the trier of facts upon competent evidence after a full and complete hearing. [Citations omitted.] When findings of fact are attacked for insufficiency of evidence or as being contrary to the evidence, the duty of the appellate court extends only to a search of the record to determine whether substantial competent evidence exists to support the findings. An appellate court will not weight the evidence or pass upon the credibility of the witnesses. Under these circumstances the reviewing court must review the evidence in the light most favorable to the party prevailing below." *Aslin v. Seamon*, 225 Kan. 77, 78, 587 P.2d 875 (1978).

On appeal the critical issue we must resolve is whether the father otherwise failed to assume the duties of a parent for two consecutive years next preceding the filing of the petition for adoption. In this case, that period would be from July 28, 1991, through July 28, 1993.

The father did pay child support during at least part of the two-year period. He was under an order to pay $200 a month. During the two-year period he paid $1,100 from August 13, 1991, to March 22, 1993, and then stopped making payments, saying he was discouraged by the lack of visitation. He apparently had total child support arrearages, including time prior to July 28, 1991, of approximately $6,000, but claimed he has maintained a savings account in his mother's name into which he paid the child support.

During the two-year period another ex-wife of the father contacted the mother and stepfather and sent an insurance card for C.R.D. that was apparently procured by the father.

Some of the details of the testimony are unclear because the trial transcript is incomplete. A tape recorder was used to preserve the testimony. The trial transcript contains the testimony of the stepfather, mother, maternal grandmother, and stepfather's father. No other testimony is included. On appeal, the father points out the rest of the trial, containing his testimony and that of his witnesses, was either not taped or was taped and the tape was lost. The father

did not include a reconstructed statement of the evidence or proceedings pursuant to Supreme Court Rule 3.04 (1994 Kan. Ct. R. Annot. 19). Fortunately, the critical facts are apparently not disputed, and we can resolve the central issue in this appeal.

K.S.A. 59-2136(d) is controlling:

"In a stepparent adoption, if a mother consents to the adoption of a child who has a presumed father under subsection (a)(1), (2) or (3) of K.S.A. 38-1114 and amendments thereto, or who has a father as to whom the child is a legitimate child under prior law of this state or under the law of another jurisdiction, the consent of such father must be given to the adoption unless such father has failed or refused to assume the duties of a parent for two consecutive years next preceding the filing of the petition for adoption or is incapable of giving such consent. In determining whether a father's consent is required under this subsection, the court may disregard incidental visitations, contacts, communications or contributions. In determining whether the father has failed or refused to assume the duties of a parent for two consecutive years next preceding the filing the petition for adoption, there shall be a rebuttable presumption that if the father, after having knowledge of the child's birth, has knowingly failed to provide a substantial portion of the child support as required by judicial decree, when financially able to do so, for a period of two years next preceding the filing of the petition for adoption, then such father has failed or refused to assume the duties of a parent."

Prior to passage of these updated provisions, relatively unsubstantial efforts by a parent to perform parental duties within the two-year time period were held to be sufficient to require the consent of that parent to an adoption under the statute. *In re Adoption of Steckman*, 228 Kan. 669, 674-75, 620 P.2d 319 (1980); *In re Sharp*, 197 Kan. 502, 508, 419 P.2d 812 (1966).

In its decision, the trial court stated, "[i]ncidental visits and gifts are not enough to rebut the presumption raised by the statute. The court must find that the natural father wholly failed to exercise visitation, failed to maintain contact, communications and contributions."

Elsewhere in the opinion, the trial court noted the support paid was $1,100 for the two-year period during which $4,800 was due. Under the statutory provision, the court found the payments to be insufficient to prevent termination of parental rights. The insurance coverage was not discussed in the opinion.

Our courts have noted that "incidental" contacts and contributions as contemplated by K.S.A. 59-2136(d) and its predecessor statute, K.S.A. 59-2102(b) (Ensley), are to be disregarded when determining whether parental duties have been assumed. "Incidental" has been defined as, "casual, of minor importance, insignificant, and of little consequence." *In re Adoption of McMullen,* 236 Kan. 348, Syl. ¶ 1, 691 P.2d 17 (1984).

The changes by the legislature in 1982 and 1991 regarding the level of support necessary to constitute an appropriate assumption of parental duties evidence a clear desire to toughen the requirements for natural parents wishing to contest stepparent adoptions. Our concern is whether the interpretation of the statute propounded by the mother and apparently adopted by the trial court goes too far.

Basic parental rights are fundamental rights protected by the Fourteenth Amendment to the Constitution of the United States. The right to be the legal parent of a child is one of these rights, which cannot be abrogated except for compelling reasons. See *Quilloin v. Wolcott,* 434 U.S. 246, 54 L. Ed. 2d 511, 98 S. Ct. 549, *reh. denied* 435 U.S. 918 (1978); *In re Guardianship of Williams,* 254 Kan. 814, 869 P.2d 661 (1994).

"Strict construction is necessary to protect the rights of the nonconsenting parent, because a decree of adoption terminates the parental right of the nonconsenting natural parent. K.S.A. 59-2103. Emphasis on protection of natural parents' rights is also bolstered by the United States Supreme Court's decisions which have scrutinized due process rights of natural fathers of illegitimate children." *In re Adoption of B.J.H.,* 12 Kan. App. 2d 746, 751, 757 P.2d 1268, *rev. denied* 243 Kan. 778 (1988).

In the instant case a basic parental right is in opposition to a strong and potentially compelling justification to abrogate that right: the State's interest in providing a child with a legal, stable, and consistent parental relationship through a stepparent adoption when the father or mother has failed or refused to assume the duties of a parent for a significant length of time.

The issue before us is not the father's fitness. See *In re Adoption of Wilson,* 227 Kan. 803, Syl. ¶ 1, 610 P.2d 598 (1980). We are to determine whether he has performed certain duties.

In response to concerns that judicial decisions were allowing parents who had not substantially assumed their parental obligations to interfere with the adoption of the affected child by a responsible stepparent, the "substantial portion" presumption in the statute was created. Unfortunately, the term "substantial portion of the child support as required by judicial decree" is not defined and the legislature history is not clear as to the legislature's precise intention. However, we presume the legislature was not attempting to abrogate such an important right for anything but compelling reasons. A constitutional right may not be taken away through the legislation of presumptions that allow the abrogation of these rights without the showing of a compelling need or justification.

"Interpretation of a statute is a question of law." *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993). "[T]he legislature is presumed to intend that a statue be given a reasonable construction, so as to avoid unreasonable or absurd results." *Todd v. Kelly*, 251 Kan. 512, 520, 837 P.2d 381 (1992). "When determining a question of law, this court is not bound by the decision of the district court." *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

We generally construe the term "substantial portion" as the term "substantial" is defined in Blacks Law Dictionary, 1428 (6th ed. 1990) that being: "Of real worth and importance; of considerable value; valuable."

We concede that a substantial amount of the ordered child support was not paid. However, in the instant case, as a matter of law, it cannot be said that the $1,100 and medical insurance coverage do not constitute substantial efforts and assumption of parental duties, incomplete and unsatisfactory though they may be.

A rebuttable presumption of failure to assume parental responsibilities arises when there have been no substantial efforts or contributions made by a parent to his or her child. But, we do not believe a presumption which allows the termination of parental rights notwithstanding substantial parental efforts or contributions is constitutionally permissible.

We acknowledge that parental duties include not only financial support but also the natural and moral duty of a parent to show

affection, care, and interest toward his or her child. See *In re Adoption of F.A.R.*, 242 Kan. 231, 239, 747 P.2d 145 (1987); *In re Adoption of Wilson*, 227 Kan. at 805; *In re Sharp*, 197 Kan. at 508. However, we do not read these cases to say that parental rights may always be abrogated if a parent fails in any of the parent's obligations. A failure in one area may be balanced by action in another, or it may not. All surrounding circumstances must be considered and a decision made as to whether the parent's efforts constitute a sufficient assumption of parental duties to prevent a termination of those rights through stepparent adoption. See *In re Adoption of F.A.R.*, 242 Kan. at 239-40.

We do *not* find that *any* valuable support or contact is sufficient. "Substantial" assumes something more than nominal or casual efforts. Cases will arise, as this one, which severely test the analytical abilities of the court to determine what constitutes "substantial" support or contact.

In the instant case, we do not believe the support payments and insurance benefits provided can reasonably be called insubstantial, as we believe that term must be defined in this context. The father's support of his child in this case was certainly not what it should have been. But it was not so insubstantial as to deprive him of his rights of parenthood.

Reversed.

LEWIS, J., concurring: I concur in the decision to reverse the trial court. In my judgment, the evidence does not show, as a matter of law, that the natural father failed or refused to exercise the duties of a parent. Accordingly, I believe that his consent is required in order to complete the adoption. I suspect that my focus in arriving at this conclusion may be somewhat different than that of Judge Pierron. For that reason, I choose to write a separate concurring opinion to explain the reasons behind my decision.

I believe that there are two sides to parenthood. There is the "love and affection" side which relates to the love and attention given to the children by the noncustodial parent. In this case, the noncustodial father clearly fails the "love and affection" test. For whatever reason, he failed to see his child, failed to call his child,

failed to contact the child on the child's birthdays, Christmas, and other important holidays. He attempts to justify his failure to show any love and affection to this child by insisting that his ex-wife hid the child from him. The trial court found his explanation to be not credible, and I agree. The evidence indicates without any doubt that the natural father failed to assume the "love and affection" side of the duties of a parent.

The other factor of parenthood is a financial one. On this side of the ledger, the absent father's performance is somewhat better. I believe that if we are going to judicially sever parental rights, there must be a failure to assume and perform the duties of a parent on both sides of the ledger. I conclude that under the evidence shown and on the basis of the traditional approach taken to this issue by our Supreme Court, the evidence does not show, as a matter of law, that the noncustodial father in this case failed to assume the duties of a parent insofar as those duties relate to financial obligations.

K.S.A. 59-2136(d) appears to allow for the dispensing with a parent's right to consent to an adoption if that parent has "knowingly failed to provide a substantial portion of the child support as required by judicial decree." That portion of the statute raises a presumption that a father who has not paid a substantial portion of the child support as required by judicial decree has failed or refused to assume the duties of a parent.

In general, I find this portion of the statute somewhat troublesome. It would appear that under the statute, a parent's right to consent to an adoption may be dispensed with if that parent has failed to provide a substantial portion of the court-ordered support even though the parent may be proven to be the most loving and dutiful parent. I believe that to the extent the statute permits such a result, it represents an unconstitutional violation of the due process right of natural parenthood as that right is defined in such cases as *In re Guardianship of Williams*, 254 Kan. 814, 869 P.2d 661 (1994). While I recognize that support is a most important element of parenthood, a failure to support, standing alone, should not be sufficient to sever the ties of a dutiful and loving parent. Neither do I believe that a parent may be deemed to have failed to exercise

the required duties simply because he has failed to contact and shower parental affection on a child. If, for instance, the absent parent has regularly and faithfully supported a child and has paid the child support decreed by the court, I do not believe that such a person should be deemed to have failed to exercise the duties of a parent because he has failed to contact his child for a two-year period or because he has failed to shower love and affection on his child for that period. I would suggest that it is only when a parent has failed to exercise all of the duties of a parent, including those of financial support and love and affection, that his right to consent to an adoption may be dispensed with.

The question in this case is whether the appellant failed to exercise the duties of a parent for two years preceding this adoption being filed. Since we consider this issue in the context of the financial aspects of that duty, we must decide whether he paid a substantial portion of the child support. The record in this case shows that the appellant paid $1,100 in child support over a two-year period and furnished medical insurance for the children. Under these facts, I cannot conclude that what he paid was "insubstantial." I believe it to have been "substantial" as a matter of law. I do so in light of Kansas precedent on the issue.

Our obligation in construing K.S.A. 59-2136(d) is to construe it strictly in favor of maintaining the rights of the natural parents. Our Supreme Court tells us that this strict construction is especially required when it is claimed that a parent has failed to assume the duties of a parent. *In re Adoption of Harrington*, 228 Kan. 636, 638, 620 P.2d 315 (1980). "The law is solicitous toward maintaining the integrity of the natural relation of parent and child, *and where the absolute severance of the relation is sought without the consent and against the protest of the parent, the inclination of the courts is in favor of maintaining the natural relation.*" (Emphasis added.) *In re Waters*, 195 Kan. 614, 617, 408 P.2d 590 (1965) (Schroeder, J., dissenting).

I believe that our approach is to strictly construe the statute in favor of maintaining the natural relation of parent and child. Strict construction in this case requires me to conclude that, as a matter of law, the father in this case paid a substantial portion of the child

support and furnished medical insurance, and cannot be said to have "failed or refused" to assume the duties of a parent.

The support provided in this case was not overwhelming. Neither, I suggest, was it "incidental" or "insignificant" or of "little consequence." See *In re Adoption of Baby Boy B*, 254 Kan. 454, 866 P.2d 1029 (1994); *In re Adoption of McMullen*, 236 Kan. 348, 691 P.2d 17 (1984).

I am not here attempting to draw a line in the sand between what is "significant" and what is "insignificant." I simply conclude that in this case the support and medical insurance provided were substantial enough to protect the natural relationship between father and child.

We deal here with a relationship protected by our Constitution. Our charge is to construe any statute that seeks to terminate that relationship strictly and narrowly. *In re Adoption of Steckman*, 228 Kan. 669, Syl., 620 P.2d 319 (1980). Whatever the term "substantial portion of the child support" may mean in another context, here it must be construed strictly and narrowly in favor of maintaining the natural relationship. I conclude that such a strict and narrow construction requires a conclusion that by paying $1,100 in child support and by furnishing medical insurance, the appellant met the requirements of the statute and his consent to the adoption is required.

The Supreme Court cases cited in this concurring opinion all required precious little in order to conclude that a parent had not lost his or her right to consent to the adoption of his or her natural child. Certainly, when judged by the standard established by our previous Supreme Court decisions, the support furnished by the father in this case was more than enough to preserve his right to consent to the adoption of his natural child. I believe that we must construe the statute in question with the same logic which has been employed by our Supreme Court in previous decisions. I have attempted to do so in reaching the conclusions set forth in this concurring opinion.

Whether the enactment of K.S.A. 59-2136(d) has created a new standard on which to judge whether a parent has failed to exercise his or her duties is a question our Supreme Court should decide.

Until it does so, its prior decisions on the subject require us to reverse the trial court in this action.

GREEN, J., dissenting: The majority concedes that substantial competent evidence exists to support the trial court's finding that the natural father neither visited nor mailed any letters or made any phone calls to his son, C.R.D., during the critical two-year period. The trial court further determined that neither the mother nor the stepfather ever attempted to hide the child from the natural father.

K.S.A. 59-2136(d) creates a rebuttable presumption that a father has failed or refused to assume the duties of a parent "if the father, after having knowledge of the child's birth, has knowingly failed to provide a substantial portion of the child support as required by judicial decree, when financially able to do so, for a period of two years next preceding the filing of the petition for adoption."

Although the natural father made court-ordered child support payments totalling $1,100, the trial court determined that this amount was insubstantial considering he had the financial ability to pay the entire child support owed for the relevant period ($4,800). In addition, the trial court pointed out that the natural father's total child support arrearage was approximately $6,000. Finally, there is some doubt as to whether the natural father ever furnished any medical insurance for C.R.D.

Certainly, no rigid mathematical formula can be used to determine the meaning of the word "substantial." Nevertheless, given the natural father's failure to show any affection, care, and interest toward C.R.D., coupled with the natural father's failure to pay approximately 77% of his court-ordered child support during the relevant period, I believe the natural father has failed to rebut the presumption under K.S.A. 59-2136(d). Consequently, his consent to the adoption was unnecessary.